UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>V.  )<br>)<br>DORA BOWLING,  )<br>)<br>Defendant.  )<br>) | Crim. No. 6:13-cr-00047-GFVT-HAI-3<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the alleged violations by Defendant Dora Bowling of her supervised release conditions. Following the final hearing before Magistrate Judge Hanly A. Ingram, Judge Ingram issued a Recommended Disposition concerning Ms. Bowling's alleged violations. [R. 869.] Ms. Bowling objected to the Recommended Disposition and this Court held an allocution hearing. [R. 870.] For the reasons that follow, the Recommended Disposition [R. 869] will be adopted.

Judgment was originally entered against Ms. Bowling in March 2015, after she pled guilty to participating in a conspiracy to manufacture methamphetamine.[1] [R. 693; R. 700.] At that time, Ms. Bowling was sentenced to seventy-two months of imprisonment, followed by a three-year term of supervised release. [R. 700.] Ms. Bowling began her term of supervised release on May 28, 2019. [R. 869 at 1.]

On December 3, 2019, the United States Probation Office issued a Supervised Release

---

[1] Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. [*See* R. 869.] In addition to what the Court summarizes in its discussion below, the Court incorporates Judge Ingram's discussion of the record into this Order.

Violation Report which initiated these proceedings.  *Id*.  Ms. Bowling made her initial appearance on February 21, 2020 and was remanded to custody at that time.  [*Id.* at 3; R. 867.] The Report issued by the USPO charged Ms. Bowling with two violations, each stemming from her submission of a urine sample which tested positive for amphetamine and methamphetamine.  [R. 869 at 1.]  Specifically, Violation #1 alleges that Ms. Bowling violated the condition of her supervised release which, among other things, requires her to not purchase, possess or use any controlled substance, except as prescribed by a physician.  *Id.* at 2.  Such conduct would constitute a Grade C violation.  *Id.*  Violation #2 alleges that Ms. Bowling violated the condition of her supervised release which requires her to not commit another federal, state, or local crime.  *Id.*  Based on Ms. Bowling's prior drug conviction, use is the same as possession.  *Id.*  Therefore, her alleged use of methamphetamine is conduct in violation of 21 U.S.C. § 844(c), Possession of a Controlled Substance, a Class E Felony.  *Id.*  This conduct would constitute a Grade B violation.  *Id.*

  At the final hearing before Judge Ingram on February 27, 2020, Ms. Bowling competently entered a knowing, voluntary, and intelligent stipulation to both violations as charged in the Report.  [*Id.* at 2; R. 868.]  The parties did not offer a jointly recommended sentence.  [R. 869 at 4.]  The United States argued for twelve months of imprisonment, along with two years of supervised release including mandatory substance abuse treatment.  *Id.* Defense counsel argued for drug addiction treatment instead of revocation.  *Id.*

  On March 3, 2020, Judge Ingram issued a Recommended Disposition recommending that Ms. Bowling be found guilty of both violations.  [R. 869.]  Further, Judge Ingram recommended revocation of her supervised release and a term of twelve months and one day of imprisonment, followed by a twenty-four-month term of supervised release.  *Id.* at 7.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive her rights to appeal. In order to receive *de novo* review by this Court, any objection must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d. 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709, 1997 WL 415309, at *2 (6th Cir. 1997) (unpublished opinion)). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Ms. Bowling, through counsel, made an objection to the Recommendation and expressly requested an opportunity to exercise her right of allocution. [R. 870.] Ms. Bowling's objection amounts to a disagreement with the recommended sentence. Specifically, she argues that if Judge Ingram recommended incarceration, as opposed to solely drug treatment, then he "should have sentenced her to a sentence at the low end or below the guideline range accompanied with more intensive treatment upon release." *Id.* at 1. Ms. Bowling's objection is sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c).

Following the filing of her objection, an allocution hearing was held pursuant to Ms. Bowling's request. [*See* R. 874.] At the hearing, the Court heard argument of counsel for both Ms. Bowling and the United States and also heard from Ms. Bowling concerning her alleged conduct and desire to seek treatment. At that conclusion of the hearing, this Court took the objection under advisement. *Id.* The Court has now satisfied its obligation to conduct a *de novo* review and will **OVERRULE** Ms. Bowling's objection.

3

In reaching his recommended sentence Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors.  Judge Ingram noted the possibility of Ms. Bowling completing drug treatment, in lieu of incarceration, but found that the treatment exception was not warranted in this case.  [R. 869 at 5.]  Judge Ingram reasoned that her prior withdrawal from the RDAP program counseled against such a course of action.  *Id.*  Further, while she ultimately admitted to the drug use, Ms. Bowling initially lied to her probation officer following the initial drug test.  *Id.*  Finally, the nature of the violation, methamphetamine use, is concerning given that the underlying conviction was for conspiracy to manufacture methamphetamine.  Such a violation raises the possibility that Ms. Bowling might return to trafficking.  *Id.*

In terms of mitigating factors, the Court notes that in her allocution hearing, Ms. Bowling expressed a commendable desire to seek treatment.  In addition, she represents, and the letters received by the Court indicate, that she will have a supportive environment upon release.

The Court has examined the record and arguments made during the allocution hearing and agrees with Magistrate Judge Ingram's reasoning and recommended term of imprisonment.  Importantly, the Court notes that the current terms of Ms. Bowling's supervised release afford the USPO discretion to provide for inpatient treatment upon release.  The Court trusts the USPO will fashion the appropriate plan of action to give Ms. Bowling the best opportunity to overcome her addiction.  Lastly, the Court will direct the USPO to notify the Court approximately three months after Ms. Bowling's release from incarceration in order to schedule a status conference.  In large part, this conference is to serve as an opportunity for Ms. Bowling to inform the Court of the positive steps she has taken to beat her addiction and become a productive member of society, with the help of her strong support system.

4

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Objections [**R. 870**] to the Magistrate Judge's Report and Recommendation [**R. 869**] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [**R. 869**] is **ADOPTED** as and for the Opinion of the Court;

3. Defendant Dora Bowling is found to have violated the terms of her Supervised Release as set forth in the Petition filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge;

3. Ms. Bowling's supervised release is **REVOKED**;

4. Ms. Bowling is **SENTENCED** to the Custody of the Bureau of Prisons for a twelve-month and one day term of imprisonment;

5. Following her release from incarceration, Ms. Bowling is to be placed on supervised release for a term of twenty-four months under the conditions originally imposed; and

6. The U.S. Probation Office is **DIRECTED** to notify the Court approximately three months after Ms. Bowling is released from incarceration, for the purpose of setting a status conference.

This the 11th day of May, 2020.

Gregory F. Van Tatenhove
United States District Judge